IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN C. DRAKE,<br><br>　　　　　　Petitioner,<br><br>　vs.<br><br>FELKER et al.,<br><br>　　　　　　Respondent. | Case No. 2:07-cv-00577 (JKS)<br><br><br>ORDER |

　　　　Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

　　　　On April 5, 2007, the magistrate judge filed findings and recommendations herein, which were served on all parties, and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fifteen days.  Petitioner has filed objections to the findings and recommendations.

　　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, with particular attention to those portions relevant or pertinent to the objections raised, the Court concludes that it has jurisdiction to consider Drake's Petition under § 2254.  Drake is not seeking damages.  He seeks expungement of a disciplinary decision.

　　　　The magistrate judge recommends dismissal because Petitioner has not raised a claim cognizable under 28 U.S.C. § 2254.  The magistrate judge understandably came to this conclusion because the disciplinary proceeding resulted directly in a mere change in the conditions of

1

confinement.[1]  Petitioner objects to the recommendation, arguing his claim should be cognizable under § 2254 because the guilty finding in the disciplinary proceeding is permanently on his disciplinary record.  Docket No. 8 at 1.  Although Petitioner fails to make this clear, the Court believes he is attempting to argue that the disciplinary finding on his record might someday affect his parole eligibility.  The Court believes that the disciplinary finding will almost certainly affect Petitioner's parole eligibility in the future, and that habeas jurisdiction therefore lies in this action.

The Supreme Court has held that a writ of habeas corpus is the appropriate federal remedy when "a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to an immediate or speedier release from that imprisonment."  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  *Preiser*, and its Supreme Court progeny, are focused on the availability of jurisdiction under 42 U.S.C. § 1983, and have not directly narrowed the limits of habeas jurisdiction.  *See Docken v. Chase*, 393 F.3d 1024, 1026-28 (9th Cir. 2004).  The Ninth Circuit has addressed the intersection of §§ 1983 and 2254 and appears to have concluded that courts may have jurisdiction over challenges to prison disciplinary decisions under both § 1983 and § 2254 in appropriate cases.

The Ninth Circuit first addressed the availability of federal habeas jurisdiction in this type of situation in 1989, holding that such jurisdiction is available to a prisoner seeking "expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's *eligibility for parole*."  *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989) (emphasis added).  This holding is arguably inconsistent with *Neal v. Shimoda*, 131 F.3d 818 (9th Cir. 1997).  In *Neal*, two prisoners filed claims under 42 U.S.C. § 1983 challenging their administrative placement in the "Sex Offender Treatment Program," which made them ineligible for parole.  *Neal*, 131 F.3d at 821-23.  The government sought dismissal of the case under the "favorable termination rule" of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  *Neal*, 131 F.3d at 823-24.  The court found that suit was not barred under the favorable termination rule for § 1983 claims because success would not

---

[1] Petitioner was found guilty of battery on a peace officer, resulting in an order placing Petitioner in some type of administrative segregation for three years.  *See* Docket No. 1 at 6.

ORDER

2

guarantee parole, but merely eligibility for parole. *Id.* at 824. The suit was thus allowed to proceed under § 1983.

In *Ramirez v. Galaza*, 334 F.3d 850, (9th Cir. 2003), the Ninth Circuit interpreted this to mean that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." *Ramirez*, 334 F.3d at 859. The court thus implicitly reinterpreted *Bostic* to hold that the availability of habeas corpus jurisdiction turned not on the effect on parole *eligibility*, but on the effect on the overall sentence. *Id*. at 858. This appears to be the implicit reasoning behind the magistrate judge's recommendation in this case.

*Docken*, decided the year after *Ramirez*, acknowledged that *Bostic* and *Neal* were potentially at odds, but resolved the conflict differently than *Ramirez*. *See Docken*, 393 F.3d at 1029-30. The court in *Docken* regarded *Neal* as "holding only that § 1983 was an appropriate remedy in that case, without reaching the issue of whether it was the exclusive remedy." *Id*. at 1030. The Court believes that *Docken* has the better reading of *Bostic* and *Neal*, and that *Ramirez's* reinterpretation of *Bostic*, implying that §§ 1983 and 2254 are mutually exclusive, need not be followed as it was dicta.

Despite *Docken's* careful choice to distinguish *Ramirez*, the Court believes *Ramirez's* reinterpretation was dicta.[2] *Ramirez* involved a § 1983 case, and held "that the favorable termination rule [did] not apply to § 1983 suits challenging a disciplinary hearing or administrative sanction that does not affect the overall length of the prisoner's confinement." *Ramirez*, 334 F.3d at 858. The court in *Ramirez* merely went on to discuss the availability of habeas jurisdiction in light of this holding. *Id.* This was based on the assumption that jurisdiction under §§ 1983 and 2254 are

---

[2] *Docken* dealt with *Ramirez* by distinguishing it on the ground that Ramirez's suit "did not deal with the fact or duration of his confinement," because it "concerned a challenge to internal disciplinary procedures and the administrative segregation that resulted." *Docken*, 393 F.3d at 1030. In contrast, *Docken* involved a suit challenging an executive decision to lengthen the period between parole hearings from one year to five. *Id*. at 1025-26. The court in *Docken* reasoned that the frequency of parole hearings was more closely tied to the duration of the sentence than administrative segregation. *Id.* at 1029-30.

ORDER

3

mutually exclusive.  As discussed in *Docken*, this assumption was not well-founded.  *Docken*, 393 F.3d 1024, 1030-31.

The Court also believes that a negative disciplinary finding, at least in California, necessarily affects potential eligibility for parole.  In California, a prisoner's negative disciplinary record is one of the factors upon which the State may find a prisoner unsuitable for parole.  *See* 15 Cal. Code of Regs. § 2402(b).  The circumstances tending to show unsuitability include whether "[t]he prisoner has engaged in serious misconduct in prison or jail." *Id*. § 2402(c)(6).  A negative disciplinary finding is precisely the sort of evidence that would carry the day under the "some evidence" standard applied to state parole denials under *Superintendent v. Hill*, 472 U.S. 445, 457 (1985).  Thus, it seems clear to this Court that the finding in Drake's disciplinary file that he battered a peace officer will almost certainly come back to haunt him when the parole board reviews his suitability for parole.  If Drake prevails on the merits, the adverse decision will be expunged and will cease to provide an obstacle to a favorable parole decision.

The Court finds that Petitioner's application is cognizable under 28 U.S.C. § 2254 to the extent it raises concern that the disciplinary finding will one day affect Petitioner's eligibility for parole.  At this time, the Court does not express any opinion on any other issue pertaining to jurisdiction or the merits.  Petitioner's application should be referred to a magistrate judge for further development consistent with this Order.

Accordingly, **IT IS HEREBY ORDERED** that:

1. This Court has jurisdiction pursuant to § 2254; and

2. Petitioner's application for writ of habeas corpus shall be referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262 for further proceedings consistent with this Order, including a report and recommendations.

Dated this the 12th day of December 2007.

          /s/ James K. Singleton, Jr.
          **JAMES K. SINGLETON, JR.**
          United States District Judge

ORDER