IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN CLAY DRAKE,<br><br>                  Petitioner,<br><br>      vs.<br><br>DERRAL G. ADAMS,[1] Warden, California State Prison, Corcoran,<br><br>                  Respondent. | No. 2:07-cv-00577-JKS<br><br>ORDER<br>[Re:  Motion at Docket No. 16] |

      Petitioner Dean Clay Drake, a state prisoner appearing *pro se*, filed a petition for habeas corpus relief under 28 U.S.C. § 2254.  Drake is presently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the California State Prison, Corcoran.  At Docket No. 16 Respondent filed a motion to dismiss the petition, which motion Drake has opposed [Docket No. 18].

I.  BACKGROUND

      A prison Rules Violation Report ("RVR") was issued against Drake in May 2004.  The prison disciplinary proceedings followed a somewhat tortuous course.  At a hearing held in June 2004 Drake was found guilty of battery on a peace officer, assessed 150 days loss of credit, counseled and reprimanded, and referred for assessment for a Special Housing Unit ("SHU") term.  Upon review in July 2004, the RVR was reissued and a new hearing ordered.  At the second hearing in August 2004 Drake was again found guilty of battery on a peace officer, again counseled and reprimanded, and referred for assessment for a SHU term.  No loss of credit was imposed.  Drake appealed this conviction and in December 2004 the RVR was again ordered reissued and reheard.  In January 2005 a third hearing was held at which Drake did not appear.

---

[1] Derral G. Adams, Warden, California State Prison, Corcoran, is hereby substituted for Felker, Warden, High Desert State Prison.  Fed. R. Civ. P. 25(d).

Drake was again found guilty of battery on a peace officer and the same punishment imposed as was imposed as a result of the second hearing in August 2004.  Drake again appealed and in March 2005 once again the RVR was ordered reissued and reheard.  Ultimately, at the fourth hearing on April 26, 2005, Drake was again found guilty of battery on a peace officer.  Drake was again counseled and reprimanded, and referred to a SHU term; however, no credit loss was assessed.  Drake did not administratively appeal from the April 2005 decision.

Drake timely challenged his conviction in a petition for a writ of habeas corpus in the California Superior Court, Lassen County, alleging that there was no evidence to support the RVR.  The Superior Court denied Drake's petition in a written decision on January 11, 2006.  Drake subsequently filed successive petitions for habeas relief in the California Court of Appeal, Third Appellate District, and the California Supreme Court summarily denied his petitions without opinion or citation to authority on March 2, 2006, and June 14, 2006, respectively.  Drake timely filed his petition for relief in this Court on March 26, 2007.

## II.  ISSUES PRESENTED IN THE MOTION

Respondent has moved to dismiss the petition on the grounds that:  (1) Drake is procedurally barred from bringing his claim in this Court and (2) that since the disciplinary action did not affect the fact or duration of Drake's incarceration, it is not the proper subject of federal habeas corpus jurisdiction.

## III.  STANDARD

Because the petition was filed after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d).  Consequently, this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court rendered its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[2]  In applying this standard, this Court reviews

---

[2] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 404–06 (2000); *see Lockyer v. Andrade*, 538 U.S. 63, 70-75 (2003) (explaining this standard).

the last reasoned decision by the state court,[3] which in this case was that of the California Superior Court.

A § 2254 petition may be dismissed upon the motion of the Respondent if the petition on its face either shows lack of jurisdiction or fails to state a claim upon which relief may be granted.[4]

IV.  DISCUSSION

1.  Procedural Default.

The California Superior Court denied Drake's petition on the grounds that Drake failed to demonstrate exhaustion of his available administrative remedies, citing *In re Dexter* (1979) 25 Cal.3d 921, 925 [603 P.2d 35, 37–38]; *In re Muszalski* (1975) 52 Cal.App.3rd 500, 503 [125 Cal.Rptr 286, 288].  Respondent contends that Drake, having procedurally defaulted in the state courts, is barred from bringing a federal habeas action.  This Court agrees.

Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."[5]  This Court may not reach the merits of procedurally defaulted claims, that is, claims "in which the petitioner failed to follow applicable state procedural rules in raising the claims."[6]  "In order to constitute adequate and independent grounds sufficient to support a finding of procedural default, a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default."[7]  "Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the

---

[3] *Ylst v Nunnemaker*, 501 U.S. 797, 804 (1991); *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004).

[4] Fed. R. Civ. P. 12(b)(1), (6).  Although Respondent cites Rule 4, Rules—Section 2254 Cases, the appropriate rule governing this motion is Fed. R. Civ. P. 12(b).  *See* Rule 11, Rules—Section 2254 Cases (making the Federal Rules of Civil Procedure applicable to § 2254 cases).

[5] *Coleman v. Thompson,* 501 U.S. 722, 729 (1991).

[6] *Sawyer v. Whitley,* 505 U.S. 333, 338 (1992).

[7] *Morales v. Calderon,* 85 F.3d 1387, 1393 (9th Cir. 1996) (internal quotations marks and citation omitted).

petitioner."[8]  Procedurally defaulted claims will not be considered in federal habeas proceedings unless the Petitioner can demonstrate cause for the default and actual prejudice.[9]

In his petition Drake acknowledges he did not appeal the April 2005 decision "based on the fact that after 4-attemps [*sic*] at A [*sic*] fair hearing, and paper-work piling-up (sky-high), I realized the only way to get A [*sic*] fair-decision is to bring this issue before the courts."[10]  In his opposition to Respondent's motion to dismiss, however, Drake contends that he did in fact exhaust his administrative remedies.  The documents Drake submitted do not support his contention.[11]  These three exhibits involve a related, but separate, complaint arising out of the same incident that Drake filed against the correctional officer he was found guilty of assaulting.

In reviewing California cases in which the issue of exhaustion was decided during the past 10 years, the Court was unable to find a single case in which a California appellate court did not deny a petition for failure to exhaust administrative remedies.  Thus, this doctrine appears to be well established and consistently applied.  California courts treat exhaustion of administrative remedies as a jurisdictional prerequisite to bringing a judicial proceeding.[12]  Requiring exhaustion of available remedies is the norm in federal proceedings as well.[13]

Drake's principal argument justifying his failure to properly exhaust his administrative appeals following the fourth hearing and conviction on the charges in the RVR is one of frustration and futility.  That is, throughout the first three appeals Drake consistently contended that the charges were "bogus" and that the correctional officers were lying; therefore, he was entitled to have the charges dismissed—a remedy that was denied in all three prior appeals.  Consequently, Drake believed that to appeal the fourth conviction would not result in his receiving the relief he wanted—dismissal.  While, under the circumstances, Drake may have

---

[8] *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003)

[9] *See Coleman*.

[10] Petition, Exh. A, p. 37 [Docket No. 1, p. 38].

[11] Opposition, Exhs. A–C [Docket No, 18, pp. 9–16]

[12] *See Wright v. State*, 19 Cal. Rptr. 3d 92, 95 (Cal. App. 2004).

[13] *See, e.g.*, *Woodford v. Ngo*, 548 U.S. 81, 85–91 (2006) (applying 42 U.S.C. § 1997e(a)); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999) (applying 28 U.S.C. § 2254(b)).

justifiably believed that further appeal would be an exercise in futility in that he would not receive the relief he really wanted, that is not sufficient to warrant excusing compliance with the jurisdictional prerequisite to initiating habeas petitions in the California courts. In a somewhat analogous context, the United States Supreme Court has held that the fact a prisoner could not receive the relief sought, *i.e.*, monetary damages, through an administrative process did not excuse compliance with the exhaustion of state administrative remedies as a prerequisite to initiating any suit brought in federal courts challenging prison conditions.[14] Thus, this Court cannot say that application of the failure to exhaust administrative remedies by the California courts was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

Drake has failed to adequately place at issue, or rebut, the procedural bar defense raised by Respondent. Consequently, Drake's claims are procedurally barred.

2. <u>Jurisdiction/Failure to State a Claim</u>.

Respondent contends that because the disciplinary action did not affect the fact or duration of Drake's incarceration, there is no relief this Court may grant, or, alternatively, that the matter is moot and the court lacks jurisdiction. The crux of the issue is what relief this Court may grant in this case. Drake seeks to have the conviction overturned and expunged from the record. The Court agrees with Respondent that granting that relief would not in itself directly affect the fact or duration of Drake's confinement, "the traditional purpose of habeas corpus."[15] The fact that the Court may not be able to provide the traditional relief affecting the fact or duration of confinement does not necessarily render the case moot as long as the fact of conviction carries collateral consequences.[16] The Ninth Circuit has, however, held that the fact

---

[14] *Woodford v. Ngo*, 548 U.S. at 85, citing *Booth v. Churner*, 532 U.S. 731, 734 (2001) and *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

[15] *Preiser v. Rodriguez*, 411 U.S. 475, 494, 500 (1973). The Court does not agree that, as Respondent asserts, *Preiser* supports the proposition that the scope of a habeas proceeding is necessarily limited to the fact or duration of imprisonment. Indeed, the *Preiser* court declined to explore the limits of habeas relief, instead limiting its holding to challenges to the fact or duration of physical confinement. 411 U.S. at 500.

[16] *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

that a serious rules violation may affect classification, institutional and housing assignments, privileges, and delay or denial of parole is insufficient to justify applying the presumption of collateral consequences to prison disciplinary proceedings.[17]  This Court is bound by that decision.[18]  Because there is no effective relief that this Court may grant, the matter is moot and the petition must be dismissed.[19]

Even if the matter were not moot, the petition itself does not set forth facts that would enable this Court to grant relief.  In *Wolff v. McDonnell*, the Supreme Court made clear that prison disciplinary proceedings are not part of a criminal prosecution; therefore, the full panoply of rights due a defendant in such a proceeding does not apply.[20]  In the context of prison disciplinary proceedings, the minimum procedural requirements of due process are:  (1) advance written notice of the charges brought against the inmate; (2) the right to call witnesses and present documentary evidence in his defense; and (3) a written statement of the factfinder of the evidence relied on and the reasons for the disciplinary action taken.[21]  Inmates do not, however, have a right of confrontation and cross-examination.[22]

There is no question that the procedures employed in the disciplinary proceedings in this case met minimum due process requirements.  Drake challenges the evidentiary basis for his conviction.  Drake contends correctional officers have a history of lying in furtherance of a pattern of lies, denials, and made-up arguments, all for the purpose of covering up the wrongdoings of correctional officers.  In this case, an alleged beating of Drake by a correctional officer.  Drake denies that he hit anyone and alleges that he, not the correctional officer, was the victim of an assault.  In short, for Drake to prevail, this Court must accept Drake's version of the facts.

---

[17] *Wilson v. Terhune*, 319 F.3d 477, 480 (9th Cir. 2003).

[18] *See Miller v. Gammie*, 335 F.3d 889, 899–900 (9th Cir. 2003) (en banc).

[19] *North Carolina v. Rice*, 404 U.S. 244, 246 (1971).

[20] 418 U.S. 539, 556 (1974).

[21] *Id.* at 563–66.

[22] *Id.* at 567.

In *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, the Supreme Court held that: "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board." [23]

> The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. Revocation of good time credits is not comparable to a criminal conviction, *id.,* [citing *Wolff* at 556], and neither the amount of evidence necessary to support such a conviction, see *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), nor any other standard greater than some evidence applies in this context.[24]

This Court must, therefore, determine whether the assumed decisions by the California courts on the merits unreasonably applied *Hill*.

The evidence deemed sufficient in *Hill* was the testimony of the guard and his written report.[25] In this case, the evidence relied upon was the same: testimony of a correctional officer and the written report. Under *Hill*, standing alone this is sufficient and would preclude granting relief to Drake. Even if this Court could consider Drake's position *vis-a-vis* the allegedly perjurious testimony of the correctional officer, Drake would not prevail. Under *Hill*, this Court is not required to apply the constitutional standard for sufficiency of the evidence set forth in *Jackson v. Virginia*: whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[26]

In challenging the veracity of the correctional officers, Drake misperceives the role of a federal court in a habeas proceeding challenging the findings by a trier of fact. In federal habeas proceedings, this Court is precluded from either re-weighing the evidence or assessing the credibility of witnesses. Where, as in this case, the question is one of credibility, the finding of

---

[23] 472 U.S. 445, 455 (1985).

[24] *Id.* at 456.

[25] *Id.*

[26] 443 U.S. 307, 319 (1979) (emphasis in the original).

the trier of fact, in this case the disciplinary hearing officer, carries the day.[27]  Under *Jackson*, the role of this Court is simply to determine whether there is any evidence, if accepted as credible by the trier of fact, sufficient to sustain conviction.[28]  That such evidence exists, as candidly acknowledged by Drake, is clearly established by the record in this case.  Drake bears the burden of establishing by clear and convincing evidence that the factual findings of the trier of fact were erroneous; a burden Drake has failed to carry.  Consequently, even if *Jackson* applied, Drake would not prevail.

Accordingly, this Court cannot say that the decision of the California Superior Court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[29]  Nor can this Court find that the state court unreasonably applied the correct legal principle within the scope of *Andrade-Williams-Landrigan*; *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable.

## V.  CONCLUSION AND ORDER

Drake's claim is procedurally barred; the matter is moot, depriving this Court of jurisdiction; and the petition fails to set forth facts sufficient to state a claim upon which relief may be granted.

Respondent's Motion to Dismiss at Docket No. 16 is **GRANTED**.

**IT IS ORDERED THAT** the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED**.

---

[27] *See Bruce v Terhune*, 376 F.3d 950, 957 (9th Cir. 2004).

[28] *See Schlup v. Delo*, 513 U.S. 298, 330 (1995).

[29] 28 U.S.C. § 2254(d).

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[30]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  See Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

The Clerk of the Court to enter final judgment accordingly.

Dated:  August 11, 2009.

　　　　　　　　　　　　　　　　　　　　　　　/s/ James K. Singleton, Jr.
　　　　　　　　　　　　　　　　　　　　　　　JAMES K. SINGLETON, JR.
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[30] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks and citations omitted).